DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: deverie.christensen@jacksonlewis.com

*Attorneys for Defendants United Healthcare Services, Inc. and "Optum NV"*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SYLVIA BEVILACQUA,<br><br>             Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE SERVICES, INC.; OPTUM NV; DOES I through X, inclusive; and, ROE CORPORATIONS I through X, inclusive,<br><br>             Defendants. | Case No.: 2:22-cv-01925-JCM-EJY<br><br>**DEFENDANTS' MOTION FOR EXEMPTION FROM EARLY NEUTRAL EVALUATION** |

Defendants United Healthcare Services, Inc. and "Optum NV" ("Defendants") by and through their counsel of record, Jackson Lewis, P.C., respectfully requests exemption of this matter from the early neutral evaluation ("ENE") program.

This Motion is based on Local Rule 16-6(c), the pleadings and papers on file in this case, and the following memorandum of points and authorities.

Dated this 24th day of March, 2023.

JACKSON LEWIS P.C.

*/s/ Deverie J. Christensen*
Deverie J. Christensen, Bar No. 6596
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
*Attorney for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

Local Rule 16-6(c) permits a litigant to move for exemption from the ENE program and provides the evaluating magistrate judge with "final authority to grant or deny any motion requesting exemption from the program." As set forth below, Defendant United Health Services, Inc. ("Defendant UHS") and Defendant "Optum NV"[1] submits that an ENE session would be futile due to the procedural posture of this matter, and respectfully requests exemption from the ENE program.

As set forth in Defendants' pending Motion to Dismiss (ECF No. 9), this is a case involving alleged employment discrimination in which Plaintiff failed to timely serve the Summons and Complaint on Defendant UHS pursuant to Rule 4 of the Federal Rules of Civil Procedure. Moreover, Plaintiff has not served a Summons and Complaint on "Optum NV" or any other "Optum" entity. ECF No. 1, at ¶5. Given Plaintiff's failure to timely serve Defendant UHS and lack of service of "Optum NV" or any "Optum" entity to date, Plaintiff's Complaint is subject to dismissal without prejudice pursuant to Fed. R. Civ. P. 12(b)(5).

Defendants submit their Motion to Dismiss is likely to be granted as Plaintiff failed to timely serve Defendant UHS with the Summons and Complaint, and to date still has not served "Optum NV" or any "Optum" entity in this case. Moreover, Plaintiff made no timely attempts to seek an extension or communicate with Defendants' Counsel prior to the deadline to serve the Summons and Complaint, despite subsequent excuses raised in Plaintiff's Motion to Enlarge Time to Serve Complaint. ECF No. 7, corrected image at ECF No. 8.

Should Defendants' Motion to Dismiss be granted, the case will be resolved in its entirety. Further, even if this matter proceeds past the pleading stage, the information available to Defendant, namely that Plaintiff was not employed by Defendant UHS, demonstrates the meritless nature of Plaintiff's claim against the only Defendant that was served.

---

[1] "Optum NV" is neither a legal entity registered with the Nevada Secretary of State, nor a Clark County, Nevada registered Fictitious Firm Name (dba); nor has Plaintiff served "Optum NV" or any "Optum" entity in this case. *See* ECF No. 6, Proof of Service for United Healthcare Services, Inc. Thus, it appears the only party Plaintiff has served, albeit untimely, in this case is United Healthcare Services, Inc.

Defendant recognizes that cases which appear unlikely to settle can sometimes be resolved through the ENE program. However, Defendants intend to be respectful of the Court's and Plaintiff's time, and realistically, Defendants are not motivated to explore settlement (involving a payment) at this stage, given the strength of the pending dispositive motion. Defendant has formulated this settlement posture in good faith, and believes its position is reasonable and justified based on the circumstances set forth above. Based on Plaintiff's filings in this matter, Defendant believes Plaintiff is unlikely to voluntarily dismiss her case. Accordingly, Defendant submits that an ENE session in this matter at this time will be futile.

Defendant thus moves for exemption from the ENE program and requests the ENE session currently set for April 11, 2023 before the Hon. Brenda Weksler be vacated.

Dated this 24th day of March, 2023.

JACKSON LEWIS P.C.

/s/ Deverie J. Christensen
DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendants United Healthcare Services, Inc. and "Optum NV"*

### ORDER
**IT IS SO ORDERED**

**DATED:** 7:03 pm, March 27, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 24th day of March, 2023, I caused a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR EXEMPTION FROM EARLY NEUTRAL EVALUATION** to be served via the Court's CM/ECF electronic filing and service system to the following:

HOLMAN LAW OFFICE
Kristina S. Holman
8275 S. Eastern Ave., Suite 215
Las Vegas, NV 89123

*Attorney for Plaintiff*

*/s/ Kelley Chandler*
Employee of Jackson Lewis P.C.